UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                             Case No. 8:24-cr-159-VMC-TGW

QUARTEZ DAVIS
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Quartez Davis's Motion in Limine (Doc. # 71), filed on October 15, 2025. The United States of America responded on October 22, 2025. (Doc. # 78). For the reasons that follow, the Motion is granted in part and denied in part.

I. **Background**

This case arises from a traffic stop during which a firearm was found in the vehicle Mr. Davis was driving. On April 11, 2024, Mr. Davis was indicted on one count of possession of a firearm or ammunition by a convicted felon. (Doc. # 1). The indictment states that Mr. Davis has multiple prior felony convictions, including for armed robbery with a firearm, armed burglary of a structure/conveyance, and grand theft of a firearm. (Id. at 1). The case is set for trial beginning on October 27, 2025.

1

Mr. Davis seeks to exclude any evidence, mention, or reference at trial concerning six categories of evidence: (1) Hillsborough County Case # 2023-848280, including but not limited to the license plate on the vehicle Mr. Davis was driving; (2) the black duffel bag on the rear passenger seat and its contents; (3) the contents of the red bookbag found on the rear passenger side of the vehicle; (4) the passenger Mariah Chestnut's criminal history, outstanding warrants, and any evidence pertaining to her drug trafficking and possession charges; (5) the bulge noticed in the waistband of Mr. Davis's pants; and (6) Mr. Davis's being on probation at the time of the arrest and his criminal history. (Doc. # 71 at 1).

The United States has responded (Doc. # 78), and the Motion is ripe for review.

## II. Legal Standard

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "A court has the power to exclude

evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation marks omitted).

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

3

### III. Analysis

Mr. Davis seeks to exclude numerous categories of evidence. Importantly, the United States concedes that it will not seek to introduce evidence for many of the categories. Specifically, the United States agrees to not introduce evidence concerning (1) the Hillsborough County case; (2) the black duffel bag and its contents; and (3) the red bookbag and its contents. (Doc. # 78 at 1-2).

As to the other categories of evidence, the United States either agrees to a partial limitation or opposes exclusion entirely. The Court will address each of these categories in turn.

### A. Probationary Status and Criminal History

Mr. Davis seeks to exclude "[e]vidence of [his] probation status at the time of arrest and his criminal history (beyond the stipulated fact that he is a convicted felon)" because this evidence "constitutes inadmissible character evidence under Rule 404(b)." (Doc. # 71 at 11). The United States "is in agreement with defense to exclude any mention of [Mr. Davis's] probationary status and criminal history, with the exception of the stipulation to [Mr. Davis's] prior felony conviction(s) and to the extent it

4

becomes admissible if [Mr. Davis] chooses to testify." (Doc. # 78 at 5).

Therefore, the Motion is granted in part and denied in part as to this category of evidence. Mr. Davis's criminal history may only be admitted into evidence for two purposes. First, the stipulation that Mr. Davis is a felon, to which the parties have agreed, will be admissible. (Doc. # 80).

Second, Mr. Davis's criminal history will likely be admissible for impeachment purposes if he testifies at trial. Indeed, Federal Rule of Evidence 609(a)(1)(B) provides that evidence of "a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year" "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). "[I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence of the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

5

The Court cannot determine outside the context of trial whether the probative value of this evidence outweighs its prejudicial effect to Mr. Davis if he testifies.

**B.   Mariah Chestnut**

During the traffic stop that led to this case, Mr. Davis was the driver of the vehicle, and a woman named Mariah Chestnut was in the passenger seat. (Doc. # 71 at 3). Ms. "Chestnut was found to have an active warrant out of Hillsborough County," and her purse contained cannabis, fentanyl, and cocaine. (Id. at 3-4). She "was charged with trafficking fentanyl, possession of cocaine, and possession of cannabis over 20 grams." (Id. at 4).

According to Mr. Davis, "[t]he criminal history, outstanding warrants, and drug-related charges of the passenger who is not a defendant in this case constitute inadmissible character evidence under Rule 404(b). This evidence does not pertain to Mr. Davis's actions or state of mind, but rather to the character and conduct of a third party who is not on trial." (Id. at 9).

The United States is in partial agreement with excluding this evidence. Specifically, it agrees "with excluding any testimony regarding [] Mariah Chestnut's criminal history, outstanding warrants, and any evidence pertaining to the

6

narcotics charges." (Doc. # 78 at 2). However, "if [Mr. Davis] intends on asserting that Mariah Chestnut was the owner/possessor of the firearm," the United States maintains that "her charges (notably that she was not charged with anything related to the firearm) and search of her purse would become relevant." (Id.).

The Court agrees with Mr. Davis and the United States that Ms. Chestnut's narcotics charges, outstanding warrants, and criminal history should generally be excluded as irrelevant. Thus, the Motion is granted in part. But the Court cannot determine at this time that there are no circumstances under which evidence about Ms. Chestnut's charges or criminal history could be admissible. As the United States notes, this evidence may become relevant if Mr. Davis asserts that the firearm at issue belonged to Ms. Chestnut.

Likewise, the Court is not yet aware whether Ms. Chestnut will be a witness at trial. Ms. Chestnut's criminal history likely would be admissible for impeachment purposes if she testifies. Again, Rule 609(a) allows for "attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). Evidence that a witness who is not the defendant has been convicted of "a crime that, in the convicting jurisdiction, was punishable by

7

death or by imprisonment for more than one year" "must be admitted, subject to Rule 403." Id. at (a)(1)(A). Such evidence must also be admitted "for any crime regardless of the punishment, . . . if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Id. at (a)(2).

Thus, the Motion is denied to the extent it seeks to exclude this evidence if Mr. Davis puts it at issue during trial or if Ms. Chestnut testifies.

C.   **Observation of Mr. Davis's Pants before Stop**

Law enforcement had observed Mr. Davis before he got in the vehicle and before the traffic stop was performed. The United States summarizes Officer Mathison's intended testimony about his observations thusly: "While observing [Mr. Davis] exiting a Dollar General and walking to the vehicle, Officer Mathison observes [Mr. Davis] with a noticeable bulge in his waistband. [Mr. Davis] then drove to another nearby location. While at this location, law enforcement then stops the vehicle and orders [Mr. Davis] out of the vehicle. Once [Mr. Davis] exits the vehicle this time, Officer Mathison observes that [Mr. Davis] no longer has the same bulge in his waistband. A firearm is subsequently

8

recovered from under the floormat of the driver's side floorboard of the vehicle." (Doc. # 78 at 3).

Mr. Davis moves to exclude "the unsubstantiated mystery bulge noticed in Mr. Davis's pants" under Federal Rules of Evidence 403, 602, and 701. (Doc. # 71 at 9). According to Mr. Davis, Officer Mathison "did not see an actual object, nor did he provide any description or details to substantiate that the alleged 'bulge' was a firearm. Without having actually seen a firearm, Officer Mathison lacks the personal knowledge required by Rule 602 to testify that the 'bulge' was, in fact, a firearm." (Id. at 9-10). He also argues that Officer Mathison is a lay witness and any "opinion that this 'bulge' was a firearm exceeds the scope of permissible lay opinion testimony under Rule 701." (Id. at 10).

The Court disagrees. Rule 602 states in relevant part: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. And Rule 701 provides that a lay witness may only offer opinion testimony "that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to

9

determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Here, Officer Mathison observed a bulge in Mr. Davis's waistband that he considered consistent with a firearm, based on his experience as a law enforcement officer. A short time later, Officer Mathison observed that Mr. Davis did not have the same bulge in his waistband when he left the vehicle during the traffic stop. This is personal knowledge sufficient to satisfy Rule 602. Visually perceiving an object in a person's waistband is "rationally based on [Officer Mathison's] perception" and is helpful to determining whether Mr. Davis possessed the firearm.

Furthermore, Officer Mathison's observation that the bulge was consistent in size and location in the waistband with a firearm, although partially based on his professional experience, was "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Indeed, the Eleventh Circuit has clarified that "[a] witness is permitted to deliver [] lay opinion testimony based on his professional experiences as long as the testimony is 'rationally based on' those experiences, rather than on scientific or technical knowledge." United States v.

10

Williams, 865 F.3d 1328, 1341–42 (11th Cir. 2017) ("Here, the Coast Guard witnesses compared the packages they saw on the FLIR to packages they had seen in previous cocaine interdictions, an assessment of 'the appearance' and 'size' of objects that required no scientific or technical knowledge." (citations omitted)); see also United States v. Myers, 972 F.2d 1566, 1577 (11th Cir. 1992) (finding it proper under Rule 701 to admit a police officer's lay testimony that a particular mark on a victim was consistent with a stun gun where the opinion was based on his personal observation of the mark and his nineteen years of experience as a police officer).

Nor is exclusion of this testimony under Rule 403 appropriate. Any undue prejudice does not outweigh the high probative value of this testimony. As the United States correctly notes, "[w]hether or not [Mr. Davis] was in possession of the firearm is the central issue of this current case, and any testimony regarding the bulge is . . . relevant and admissible to establish the element of possession." (Doc. # 78 at 3). Thus, the Motion is denied as to this category of evidence.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Quartez Davis's Motion in Limine (Doc. # 71) is **GRANTED** in part and **DENIED** in part as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of October, 2025.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE